IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

HAYDEN E. NESTOR,

    Plaintiff

VS.

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,

    Defendant

NO. 5:08-CV-109 (CWH)

SOCIAL SECURITY APPEAL

# O R D E R

    This is a review of a final decision of the Commissioner of Social Security denying plaintiff HAYDEN E. NESTOR's claim for benefits under the Social Security Act, 42 U.S.C. § 423. Both parties have heretofore consented for the United States Magistrate Judge to conduct any and all proceedings herein including the ordering of the entry of judgment. Any appeal from this judgment may, by law, be taken directly to the Court of Appeals of the Eleventh Circuit in the same manner as an appeal from any other judgment of a district court. 28 U.S.C. § 636(c)(3).

    On September 7, 2005 plaintiff Nestor applied for a period of disability and disability insurance benefits. Therein, he alleged that he became disabled on May 10, 2002 due to neck injuries. His application was denied initially and upon reconsideration. He requested a hearing before an administrative law judge ("ALJ") which was held on April 3, 2007. Following this hearing, the ALJ found that the plaintiff was not disabled in a written decision dated May 29, 2007. The Appeals Council denied the plaintiff's subsequent request for review, making the hearing decision the final decision of the Commissioner. Thereafter, on April 3, 2008, the plaintiff filed the instant Complaint. Tab #1.

    In response, the Commissioner filed an Answer (Tab #9), the administrative record (Tab #11), and a memorandum in support of his Answer (Tab #15). In addition to his Complaint, the plaintiff also filed a supporting brief. Tab #14. This matter is now ripe for review.

**LEGAL STANDARDS**

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996 (11th Cir. 1987). Substantial evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971). The court's role in reviewing claims brought under the Social Security Act is, therefore, a narrow one.

The court may not decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner.[1] *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). It must, however, decide if the Commissioner applied the proper standards in reaching a decision. *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980). In so doing, the court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings. *Bloodsworth*, at 1239. However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it. *Id.* The initial burden of establishing disability is on the claimant. *Kirkland v. Weinberger*, 480 F.2d 46 (5th Cir. 1973). The claimant's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic. *Oldham v. Schweiker,* 660 F.2d 1078 (5th Cir. 1981).

A claimant asserting entitlement to benefits must demonstrate that she suffers from an impairment that prevents her from engaging in any substantial gainful activity for a twelve-month period. 42 U.S.C. § 423(d)(1). In addition, and with regard to claims for a period of disability and disability insurance benefits, the plaintiff must meet the insured status requirements set forth in sections 216(i) and 223 of the Social Security Act.

---

[1] Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986). See also *Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

With respect to analyzing the issue of disability, the Commissioner utilizes a five-step procedure. 20 C.F.R. § 404.1520, Appendix 1, Part 404. First, the Commissioner determines whether the claimant is working. Second, the Commissioner determines whether the claimant has an impairment which prevents the performance of basic work activities. Next, the Commissioner determines whether the claimant's impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the regulations. Fourth, the Commissioner determines whether the claimant's residual functional capacity can meet the physical and mental demands of past work. Finally, and only if necessary, the Commissioner determines whether the claimant's residual functional capacity, age, education, and past work experience prevent the performance of any other work. In arriving at a decision, the Commissioner must consider the combined effect of all the alleged impairments, without regard to whether each, if considered separately, would be disabling. *Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984). The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal. *Id.*

**ADMINISTRATIVE PROCEEDINGS**

At the time of the ALJ's decision, plaintiff Nestor was thirty-two (32) years old. He had a high school education and prior work experience as an electrician, hand packager, cashier, waiter, and outside deliveryman. In this appeal, and in contrast to his initial application for benefits, he alleges disability arising not only from neck injuries but also from chronic headaches, chronic right thigh pain, mild right knee compartment space narrowing with osteophyte formation, and degenerative changes to the distal end of a femoral component of a right hip prosthesis.

Following the hearing, and in his written decision, the ALJ began by noting that plaintiff Nestor met the insured status requirements of the Social Security Act through December 31, 2006. The ALJ then proceeded to employ the five step evaluation process identified above. At step one, the ALJ observed that the plaintiff had not been engaged in substantial gainful activity since his alleged disability onset date of May 10, 2002. At step two, the ALJ decided that plaintiff Nestor suffers from the severe impairments of degenerative cervical disc disease and right knee instability secondary to mild degeneration. The ALJ next determined that the plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in Appendix 1 of Part 404 of the regulations. Accordingly, and before moving on to step four, the ALJ evaluated the plaintiff's residual functional capacity (RFC). In concluding that the plaintiff had the RFC to perform a limited range of light unskilled work, the ALJ specifically noted that the plaintiff could:

> *lift and carry up to 20 pounds on occasion and 10 pounds frequently; stand and/or walk up to 6 hours in an 8 hour work day; sit for a total of about 6 hours per 8 hour workday with unlimited abilities to push/pull or operate hand or foot controls; with occasional climbing, kneeling, crouching, or crawling; with no more than frequent bilateral reaching in all directions including overhead; and, no other visual, communicative, or environmental limitations.*

In view of these limitations, the ALJ resolved that the plaintiff would be able to perform his past relevant work as a Cashier (DOT# 211.462-010). Accordingly, the ALJ concluded that plaintiff Nestor had not been under a disability from May 10, 2002 through December 31, 2006— the date he was last insured.

## PLAINTIFF'S CLAIMS

In his Complaint, plaintiff Nestor avers that he had made out a *prima facie* case of disability. He then declares that, in denying his application, the ALJ erred in the consideration of his treating sources' opinions and erred by failing to find that his impairments met one of the listed impairments. Moreover, he alleged that the ALJ's decision was not supported by substantial evidence, that the Appeals Council abused its discretion by failing to consider his request for review, and that the Commissioner had failed to meet his burden.

In his brief, in the section titled Statement of the Issues, he posed the following:

*Whether substantial evidence supports the Commissioner's denial of Mr. Nestor's disability claim where the administrative law judge failed to assign proper weight to the treating physician's opinion; failed to find Mr. Nestor's headaches were a severe impairment, and; failed to pose a hypothetical the [sic] comprised all of Mr. Nestor's impairments.*

## DISCUSSION

### WEIGHT TO BE AFFORDED TO A TREATING/EXAMINING PHYSICIAN'S OPINION

In the section titled Argument and Statement of Authority, plaintiff Nestor advanced the argument that the opinion of his treating physician was not given proper weight. Pursuant to 20 C.F.R. § 404.1527(e)(2), the Commissioner is required to "consider opinions from treating and examining sources on issues such as . . . your residual functional capacity . . . [although] the final responsibility for deciding these issues is reserved to the Commissioner." "A statement by a medical source that you are 'disabled' or 'unable to work' does not mean that we will determine that you are disabled." 20 C.F.R. § 404.1527(e)(1).

In general, the opinions of treating physicians are given substantial or considerable weight unless good cause is shown to the contrary. *MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986). Good cause has been found to exist "where the doctor's opinion was not bolstered by the evidence, or where the evidence supported a contrary finding. We have also found good cause where the doctors' opinions were conclusory or inconsistent with their own medical records." *Lewis v. Callahan,* 125 F.3d 1436, 1440 (11th Cir. 1997) (internal citations omitted). As the *Lewis* court noted, "[w]e are concerned here with the doctors' evaluations of [the plaintiff's] condition and the medical consequences thereof, not their opinions of the legal consequences of [her] condition." *Id.*

As an initial matter, the undersigned notes that the treating source opinion is that of *Nurse Practitioner* Kotcella which was subsequently signed off on by Dr. Anwar. Because the opinion at issue was that of a nurse practitioner, it did not originate from an acceptable medical source and is thus not entitled to any special consideration. *See* 20 C.F.R. §§ 404.1502, 404.1513(a), (d)(1), 404.1527(a)(2); *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158-59 (11th Cir. 2004). In addition, and to the extent that plaintiff may argue that because the opinion was cosigned by a Dr. Anwar its character it is somehow transformed, the plaintiff is mistaken. This is because there is no evidence that Dr. Anwar ever treated or even examined the plaintiff.

Notwithstanding the above observation, even if this opinion were treated as that of an examining/treating physician, its conclusions appear inconsistent with and/or unsupported by objective medical findings and the record as a whole. Following an exhaustive discussion wherein the ALJ reviewed and addressed the pertinent evidence of record and based upon the above observation, the ALJ decided to reject the opinion. Upon a review of this discussion and the relevant evidence of record, it appears to the undersigned that this decision was legally sound and supported by substantial evidence. Accordingly, the plaintiff's arguments on this point are without merit.

The next argument presented by plaintiff Nestor is that the ALJ erred by failing to find that his headaches were a severe impairment.[2] In support of this assertion, however, plaintiff failed to produce any medical evidence that he has been diagnosed with or impaired by headaches. Indeed, the only mention of headaches in the medical records is a single isolated complaint of headaches recorded by Nurse Practitioner Kotcella in September of 2005. Moreover, when questioned during the hearing before the ALJ about his difficulty with headaches, plaintiff testified that his headaches were infrequent and were promptly resolved with medication.

In considering this argument, the undersigned first notes that a severe impairment is an impairment which *significantly* limits a claimant's physical or mental abilities to do basic work activities. *See* 20 C.F.R. § 404.1520(a)(4)(ii), (c); *see also* 20 C.F.R. § 404.1521(a) (defining a non-severe impairment); *Bridges v. Bowen*, 815 F.2d 622, 625 (11th Cir. 1987) ("An impairment can be considered as not severe only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, regardless of age, education, or work experience." (quotations omitted)). Given the scant evidence in support of the plaintiff's complaints of headaches, coupled with his declaration that the headaches occur infrequently and are quickly resolved, the ALJ's decision not to classify the headaches as a severe impairment appears to be supported by substantial evidence. For this reason, this argument is also without merit.

Plaintiff's third and final argument is that the ALJ erred by failing to pose to the Vocational Expert a complete hypothetical question comprised of all of his impairments. In support, he makes the generic assertion that "the evidence of record confirms a number of impairments and concomitant limitations that both individually and in combination confirm— via expert testimony, that [he] Mr. Nestor is no longer able to perform any work." Following this assertion, the plaintiff

---

[2] There is some indication that the plaintiff is using the term "headaches" to refer to cervicalgia. Cervicalgia is a medical term for neck pain. Based on the record, it appears that the plaintiff's neck pain is part and parcel of his degenerative cervical disc disease— not a separate and distinct medically determinable impairment. Here, the ALJ found that the plaintiff's degenerative cervical disc disease was a severe impairment. As such, and to whatever degree that the plaintiff is in fact using the term headaches as a synonym for cervicalgia, it would seem that this condition is properly accounted for in the ALJ's findings.

cites "R 175-180; 201-210." The first citation refers to a Residual Functional Capacity Questionnaire completed by Nurse Practitioner Kotcella; the second citation refers to a portion of the hearing transcript containing the VE's testimony. Because the undersigned has heretofore determined that the opinions contained in the Residual Functional Capacity Questionnaire completed by Nurse Practitioner Kotcella were properly rejected by the ALJ, plaintiff Nestor's apparent inference that the limitations listed therein should have been included in the hypothetical is without merit. Moreover, given the fact that the hypothetical *did* include all of the plaintiff's limitations found by the ALJ, the plaintiff's argument to the contrary is without merit.

## CONCLUSION

For the reasons hereinabove stated, the undersigned concludes that the Commissioner's final decision is supported by substantial evidence and was reached through a proper application of the pertinent legal standards. Accordingly, the Commissioner's decision is **AFFIRMED**.

**SO ORDERED** this 30th day of MARCH, 2010.



    CLAUDE W. HICKS, JR.
    UNITED STATES MAGISTRATE JUDGE